IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **LOUIS PERRY, et al.** | § | |
| | § | |
| **V.** | § | **A-09-CA-714-LY** |
| | § | |
| **STEPHEN V. LYONS, et al.** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

Before the Court are Defendant Anthony Goodall's Motion to Dismiss, filed on October 9, 2009 (Clerk's Doc. No. 37); Plaintiffs' Response to Defendant Anthony Goodall's Motion to Dismiss, filed on December 1, 2009 (Clerk's Doc. No. 57); Defendant Anthony Goodall's Reply to Plaintiffs' Response to Defendant's Motion to Dismiss, filed on December 3, 2009 (Clerk's Doc. No. 59); and Defendant Anthony Goodall's Motion for Summary Judgement, filed on October 9, 2009 (Clerk's Doc. No. 74).[1]

The District Court has referred the above to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

---

[1] The court delayed action on these motions while it provided Lyons, who is proceeding *pro se* in this case, an opportunity to have a judgment entered on the arbitration award that was entered by an arbitrator in a proceeding originally filed in state court that involved all of the parties to this case. The court did so because it appeared that entry of a judgment on that award may moot many of the claims in this case, and result in either the dismissal or agreed resolution of the remaining claims. Unfortunately, Lyons did not act on that award in a particularly timely manner, and the court has today received notice that the state district court recently denied Lyons' motion to enter judgment on the award. Accordingly, it is time for this matter to proceed forward.

## I.  BACKGROUND

The facts giving rise to this litigation are as follows.[2]  In the summer of 2005, Defendant Stephen Lyons set out to acquire approximately 10 acres of real estate in the North Austin/Round Rock area.  Lyons hired Defendant Anthony Goodall as an attorney to render services in this matter.  Lyons then formed a limited partnership, Austin 620 Land Investment LP ("Austin 620"), to carry out the purchase.  Lyons served as Austin 620's General Partner.

To raise capital for Austin 620, Lyons sought investors.  As part of this effort, Lyons made an offering through a Private Placement Memorandum offering partnership units for the price of $135,000 each.  Plaintiffs Louis and Deyette Perry and Paul Tullius were among those who purchased limited partnership units.  Austin 620 then acquired the real property through financing from BBVA Compass Bank ("Compass").  Plaintiffs allege that they were promised a 75% return on their investment and that Lyons used a bogus $5.8 million appraisal to entice Plaintiffs to invest their money, and also to obtain the loan from Compass to finance the purchase.  According to Plaintiffs, the property was actually only worth $1.5 million, due in large part to the fact that the property allegedly lacked essential rights, and had no possibility of obtaining any.  Plaintiffs further allege that Defendants then thrust the entire risk of the loan on the shoulders of the limited partner investors, including Plaintiffs, by making them sign personal guarantees on the loan from Compass and on a subsequent loan.

Plaintiffs have now filed suit against several Defendants, including Goodall, asserting claims for violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c) and (d), violations of "Rule 10b-5" for defrauding Plaintiffs in the sale of securities,

---

[2]These facts are taken from the live complaint in this matter.

violations of California Corporations Code §§ 25401, 25504, and 25504.1 for fraudulent conduct associated with the sale of securities, and common law fraud and deceit.[3]

In the current motion before the Court, Defendant Anthony Goodall has moved to have the claims against him dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. ANALYSIS

**A.   Standard of Review**

As set forth by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), the standard to be applied when deciding a Rule 12(b)(6) motion is not whether it is conceivable that some set of facts could be developed to support the allegations in the complaint, but rather whether the plaintiff has stated enough facts in the complaint to allow a court to conclude that it is "plausible" that the plaintiff is entitled to relief.  In reviewing the motion, the court is to take all of the well-pleaded facts in the complaint as true, viewing them in the light most favorable to the plaintiff.  *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004).  The Supreme Court has made clear, however, that a plaintiff is obligated to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation.").  When the complaint contains inadequate factual allegations, "this basic deficiency

---

[3]According to an advisory filed in this case, the parties have reached an agreement to grant summary judgment on the RICO claims against Defendant Goodall.  Judge Yeakel has already granted the agreed portion of the motion. *See* Clerk's Doc. No. 76.  The motion also sought summary judgment on Plaintiffs' claim that Goodall violated California Corporations Code § 25504, and Plaintiffs stated on the record at the hearing held on March 24, 2010, that they do not oppose this aspect of the motion either.  Accordingly, Goodall's motion for (partial) summary judgment should be granted in its entirety, and his motion to dismiss is moot as it pertains to these claims.

should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558.

Additionally, Rule 9 of the Federal Rules of Civil Procedure requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b); *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). "Pleading fraud with particularity in this circuit requires 'time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby.'" *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 178 (5th Cir.1997) (citing *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994)). "Because the requirements of Rule 9 are more stringent than those for Rule 8, the Supreme Court's decision in *Twombly* applies with at least equal force to the Rule 9 pleading requirements." *Bradley v. Phillips Petroleum Co.*, 527 F. Supp. 2d 625, 637 (S.D. Tex. 2007).

**B.     Anthony Goodall's Motion to Dismiss**

In the motion, Goodall makes two interrelated arguments as to why the remaining claims against him should be dismissed, both of which turn on the adequacy of pleading under Rule 9. First, Goodall argues that Plaintiffs have failed to plead factual allegations that state a claim against Goodall that will defeat the Texas attorney immunity doctrine. Next, Goodall claims that the Complaint fails to meet the heightened pleading standard required by rule 9(b).

**1.     Attorney Immunity Doctrine**

Goodall first argues that the claims against him should be dismissed because of the Texas attorney immunity doctrine. While this doctrine generally protects an attorney carrying out his professional duties, "an attorney is liable if he knowingly commits a fraudulent act that injures a third

person, or if he knowingly enters into a conspiracy to defraud a third person.  Over 100 years ago, the Supreme Court of Texas held that where a lawyer acting for his client participates in fraudulent activities, his action in so doing is 'foreign to the duties of an attorney.'" *Likover v. Sunflower Terrace II, Ltd.*, 696 S.W.2d 468, 472 (Tex. App.—Houston [1st Dist.] 1985, no pet.) (quoting *Poole v. Houston & T.C. Ry*, 58 Tex. 134, 137 (1882)) (citations omitted).  Because Plaintiffs are asserting that the Defendants collectively engaged in fraudulent activities, at least in the most broad sense, the claims do not allege activity within the protection of the attorney immunity doctrine.  However, if the allegations fail to meet the requirements of Rule 9(b), they should nevertheless be dismissed under Rule 12(b)(6).  *See Teachers' Ret. Sys. v. Hunter*, 477 F.3d 162, 170 (4th Cir. 2007) ("[T]he legal sufficiency of a complaint under Rule 12(b)(6) is determined by whether the complaint states a claim upon which relief can be granted in light of the pleading requirements of Rules 8 and 9.").  In other words, both arguments turn on the adequacy of the pleadings for claims involving fraud.

    2.    **Adequacy of Pleadings**

As noted above, Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  FED. R. CIV. P. 9(b).  Goodall argues that the Complaint fails to meet this standard, and this failure to plead with particularity requires dismissal of the claims asserted against him.  Plaintiffs argue that the complaint does meet the heightened standard of Rule 9(b), but in the event the Court disagrees, they should be given the opportunity to amend before the claims are dismissed with prejudice.

Having reviewed the complaint, the undersigned is of the opinion that the complaint fails to meet the pleading requirements of Rule 9(b) and *Twombly*.  Although Plaintiffs do state facts that

are arguably sufficient as to Lyons, the allegations regarding Goodall are insufficient to allow a court to conclude that it is "plausible" that Plaintiffs are entitled to relief against Goodall. Plaintiffs merely allege that "Defendants" acted in concert, or that Lyons was aided by Goodall, but Plaintiffs do not provide **any** facts to describe the time, place, or details of the actions Goodall took to aide Lyons in defrauding Plaintiffs. Indeed, the allegations of the pleadings contain no claim that Goodall took any actions related to this transaction outside of his role as an attorney for Lyons such that he should not be protected by the attorney immunity doctrine.

In cases such as this, where a person is protected by immunity unless his fraudulent conduct takes him out of such immunity, it is particularly important for Plaintiffs to state facts, rather than conclusory allegations, demonstrating that the lawyer's actions were not merely those involving the office, professional training, skill, and authority of a lawyer. Rather, Plaintiffs must state, with particularity, the precise conduct of Goodall that brings their claims against him outside of the attorney-immunity doctrine. Because Plaintiffs fail to do so, the undersigned concludes that Plaintiffs have not stated enough facts in the complaint to allow a court to conclude that it is "plausible" that they are entitled to relief from Goodall. *See Twombly*, 550 U.S. at 570. However, because this case is still in its early stages, the Court should allow Plaintiffs the opportunity to amend before dismissing the claims with prejudice. *See McClellon v. Lone Star Gas Co.*, 66 F.3d 98, 103 (5th Cir. 1995) ("The court should freely give a complainant . . . leave to amend defective allegations in a pleading."); *Hart*, 199 F.3d at 247 n.6 ("Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so.").

### III.  CONCLUSION

Based on the foregoing, the undersigned is of the opinion that Plaintiffs' allegations against Goodall are factually insufficient to state a claim for which relief may be granted, but Plaintiffs should be given an opportunity to amend before the Court dismisses these claims.  In the event Plaintiffs fail to amend their complaint and cure the deficiencies noted above, Goodall's motion should be granted, and the claims should be dismissed.

### IV.  RECOMMENDATION

The undersigned Magistrate Judge **RECOMMENDS** that the District Judge **DENY** Defendant Anthony Goodall's Motion to Dismiss (Clerk's Doc. No. 37) **WITHOUT PREJUDICE**, and direct that Plaintiffs amend their complaint by a date certain to cure the deficiencies noted herein.  Should Plaintiffs fail to amend the complaint, then it is **RECOMMENDED** that the motion be **GRANTED**.  The undersigned Magistrate Judge **FURTHER RECOMMENDS** that the District Judge **GRANT** the remainder of Defendant Anthony Goodall's Motion for Summary Judgment (Clerk's Doc. No. 74), as it is unopposed.

### V.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and

recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996). To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 25th day of May, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE